FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 3 1 2012 ★    C/M

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                          :
HOWARD BROWN,                                             :     **MEMORANDUM**
                                                          :     **DECISION AND ORDER**
                                    Petitioner,           :
                                                          :     12 Civ. 3433 (BMC)
             - against -                                  :
                                                          :
CHARLES HYNES, District Attorney,                         :
                                                          :
                                    Respondent.           :
-------------------------------------------------------- X

**COGAN**, District Judge.

By Order to Show Cause entered October 8, 2012, I offered petitioner the opportunity to show why his habeas corpus petition under 28 U.S.C. § 2254 should not be dismissed as untimely. The Order to Show Cause noted that petitioner's conviction became final no later than early 1999, and that there is a one-year statute of limitations for the filing of this petition. The Order to Show Cause explained the possibility of statutory or equitable tolling to petitioner, and directed him to submit an affidavit explaining why it had taken him nearly 13 years to file this petition.

Petitioner has submitted the affidavit. He explains that he was in a special housing unit, without access to a legal library and with difficult or unavailable communications, until November, 1999. At that point, he was advised by an inmate law clerk that he was too late to file a federal habeas corpus petition, and therefore he did not file a petition until he learned otherwise 13 years later.

The erroneous advice from an inmate is not a sufficient basis to apply equitable tolling. As the Order to Show Cause explained, to be eligible for equitable tolling, a habeas petitioner

must establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011) (quoting Holland v. Florida, --- U.S. ---, 130 S. Ct. 2569 (2010)); see also Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010). The Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004)).

The law is well settled that a petitioner's confusion, whether caused by mistaken advice from a lawyer or an inmate, or simply a lack of education, is not a sufficient ground for equitable tolling. See Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir. 2001) (attorney's mistaken belief as to tolling period does not give rise to the "extraordinary circumstances" required for equitable tolling); Horton v. McCoy, No. 11-CV-0034M, 2012 WL 34071, at *5 (W.D.N.Y. Jan. 5, 2012) (being misinformed or misled by prison law clerk insufficient for equitable tolling); Carbone v. Cunningham, No. 06 Civ. 5710, 2007 WL 4205821, at *3 (S.D.N.Y. November 28, 2007) (mistaken advice from inmate law clerk insufficient); Urena v. Brown, No. 06 Civ. 3163, 2007 WL 3284646, at *2 (S.D.N.Y. Nov. 5, 2007) (equitable tolling not warranted based on erroneous advice from an inmate legal library clerk); Gonzalez–Ramos v. United States, No. 05 Civ. 3974, 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) (equitable tolling not warranted where the petitioner alleged that prison law clerks only informed him of time requirements after limitations period had expired); Hickey v. Senkowksi, No. 02 Civ. 1437, 2003 WL 255319, at *4 (S.D.N.Y. Feb. 4, 2003) ("Plaintiff's mistake as to when his grace period began accruing is not a basis for equitable tolling."); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (lack of education or familiarity with legal research insufficient to excuse failure to comply with

limitations period).  Although there are rare instances where an attorney error may justify equitable tolling, see Dillon v. Conway, 642 F.3d 358, 362-64 (2d Cir. 2011), none of those circumstances are present here.  Indeed, equitable tolling is particularly inappropriate here because petitioner's delay in seeking to confirm the original erroneous advice he received was so protracted.

Accordingly, the petition is dismissed as untimely pursuant to 28 U.S.C. § 2254(d).  A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

S/Judge Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 31, 2012

3